Brian H. Kim  (State Bar No. 215492)
James P. Keenley (State Bar No. 253106)
BOLT KEENLEY KIM LLP
2855 Telegraph Ave., Suite 517
Berkeley, California 94705
Phone: (510) 225-0696
Fax: (510) 225-1095
Email: bkim@bkkllp.com
          jkeenley@bkkllp.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE NAKASONE, | ) Case No.: 5:22-cv-461 |
| Plaintiff, | ) **COMPLAINT (ERISA)** |
| v. | ) |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) |
| Defendants. | ) |

## INTRODUCTION

1. This case challenges Defendant The Lincoln National Life Insurance Company's ("Lincoln") denial of Plaintiff Anne Nakasone's claim for long-term disability ("LTD") benefits under the Leland Stanford Junior University's Long Term Disability Plan (the "Plan"). Plaintiff was and is Totally Disabled under the terms of the Plan and entitled to benefits under the Plan.

**JURISDICTION**

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

**VENUE**

3. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because both Defendants can be found in this Judicial District, and the ERISA-governed plan at issue was administered in part in this District.

**INTRADISTRICT ASSIGNMENT**

4. This case should be assigned to the San Jose District because both Defendants may be found within this division, the Plan at issue was administered in part in this Division and Plaintiff resides in this Division.

**PARTIES**

5. Plaintiff Anne Nakasone is an individual who resides in San Jose, California. At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan.

6. At all relevant times, the "Plan" was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Leland Stanford Junior University "Stanford") which maintains an office at Palo Alto, California. LINCOLN was and remains the de facto co-plan administrator and co-claims fiduciary of the Plan.

7. At all relevant times, Plaintiff was employed by Academy, and as such was enrolled in the Plan, to wit: a group insurance contract issued by LINCOLN, Policy Number 7900399 (the "Policy"). As the payor of benefits and the claims administrator of the Plan, LINCOLN operates under a structural conflict of interest as defined by *Abatie v. Alta Health and*

*Life Ins. Co.*, 458 F.3d 466 (9th Cir. 2006)(en banc) and *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

8. At all relevant times LINCOLN is an insurance corporation and subsidiary of LINCOLN Financial and is authorized to engage in the business of insurance in the State of California.

**FACTS**

9. The Plan and Policy provides for LTD benefits provided that an employee/participant can establish "Disability". In order to obtain LTD benefits under the Plan, a claimant must be found "Disabled" through and beyond a 90-day Elimination Period. "Disability" is defined in the Plan and Policy as the inability due to Injury or Sickness to "perform with reasonable continuity the Substantial and Material Acts necessary to pursue his Own Occupation in the usual and customary way" whereby LTD benefits are payable after satisfying a 90-day Benefit Waiting Period. After 12 months of LTD benefits have been paid, the definition of Disability changes to the inability to "engage with reasonable continuity in any occupation in which he could reasonably be expected to perform satisfactorily in light of his age, education, training, experience, station in life, and physical and mental capacity."

10. At all times material hereto, Plaintiff had been employed as an Office Manager for the Digital Library at Stanford and was eligible for coverage for LTD benefits under the Plan

11. On or around September 21, 2017, while the Plan was in full force and effect, Plaintiff became Disabled under the terms of the Plan after due to a variety of co-morbid medical conditions, which include but are not limited to post-concussion syndrome with cognitive impairment and central vestibular disorder. She remains Disabled under the terms of the Plan and entitled to LTD benefits under the Plan and the Policy.

12. Plaintiff applied for LTD benefits under the Plan and Policy. LINCOLN initially granted her claim for LTD benefits. Despite the evidence supporting her continued Disability, LINCOLN terminated her claim and LTD benefits on February 11, 2020, asserting she was no longer Disabled under the Plan.

13. Plaintiff timely appealed Lincoln's termination of LTD benefits providing comprehensive evidence that she continued to be Disabled under the terms of the Policy due to her co-morbid medical conditions and the resulting cognitive and physical impairments from those conditions.

14. On October 26, 2021, Lincoln issued a letter denying Plaintiff's appeal despite Plaintiff's evidence supporting entitlement of continued LTD benefits under the Plan and Policy. Plaintiff therefore has exhausted his administrative remedies concerning her claim for disability benefits, and this matter is ripe for judicial review under a *de novo* standard of review.

15. LINCOLN's actions are contrary to the terms of the Plan, the Policy and California law and have no reliable evidentiary support.  LINCOLN's actions are also contrary to the reports and assessments of all of the doctors who have evaluated and treated Plaintiff. LINCOLN's determination was based on evidence that is neither reliable nor "substantial," and its determination denied Plaintiff due process of law.  In adjudicating Plaintiff's claims, LINCOLN's actions fell well below the "higher-than-marketplace quality standards" imposed by ERISA according to *Metro. Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2350 (2008).

16. As a direct and proximate result of the aforementioned acts of LINCOLN, Plaintiff suffered damages as outlined below.

17. As the result of the actions of LINCOLN, and each of them, Plaintiff has been improperly denied LTD benefits under the Plan to which she is entitled together with interest thereon.

18. As a further result of the actions of LINCOLN, and each of them, Plaintiff has been required to engage the services of legal counsel for the purpose of obtaining her disability insurance benefits.

**FIRST CLAIM FOR RELIEF**
**[Claim for LTD Benefits Pursuant to ERISA § 502(a)(1)(B) Against LINCOLN]**

19. Plaintiff incorporates Paragraphs 1 through 18 as though fully set forth herein.

20. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

21. At all relevant times, under the terms of the Plan as set forth in the governing plan instruments, Plaintiff became and remains Disabled and entitled to LTD benefits under the LTD Plan and the Policy.

22. By denying Plaintiff's claim for LTD benefits, and by related acts and omissions, LINCOLN has violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder. LINCOLN's refusal to pay Plaintiff benefits violates the terms of the LTD Plan, and LINCOLN's actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion. At all material times herein, LINCOLN failed and refused to honor the LTD Plan. LINCOLN is therefore liable for all benefits due under the Plan.

23. Furthermore, because the Policy states that "Policy Anniversaries will be annual beginning on January 1, 2013" and LINCOLN's denials occurred after January 1, 2013, any discretionary authority conferred by the Policy on LINCOLN is null and void under California Insurance Code § 10110.6 and LINCOLN's decision must be decided under a de novo standard of review. *See, e.g., Orzechowski v. Boeing Co. Non-Union Long-Term Disability Plan, Plan No. 625,* 856 F.3d 686, 695 (9th Cir. 2017).

24. As a proximate result of LINCOLN's actions, Plaintiff has been deprived of her LTD benefits to which she was and is entitled and has suffered damages as set forth above in paragraphs 16-18. Plaintiff further seeks a declaration as to her entitlement to future LTD benefits, as follows: an injunction prohibiting LINCOLN from terminating or reducing her LTD benefits until the end of the maximum benefit period as set forth in the LTD Plan and the Policy.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

  A. Declare that LINCOLN violated the terms of the Plan by denying Plaintiff's claim for LTD benefits;

  B. Order that LINCOLN pay Plaintiff's past LTD benefits owed under the terms of the LTD Plan through to the date that judgment is rendered herein, together with prejudgment interest on each and every such payment through to the date that judgment is rendered herein;

  C. Declare Plaintiff's right to receive future LTD benefits under the terms of the LTD Plan;

  D. Prohibit LINCOLN from terminating or reducing Plaintiff's LTD benefits until the end of the maximum benefit period as set forth in the Plan and Policy;

  E. Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

  F. Award prejudgment interest on all benefits owed under the terms of the Plan that have accrued prior to the judgment; and

  G. Provide such other relief as the Court deems equitable and just.

Dated:  January 24, 2022

               BOLT KEENLEY KIM LLP

               By: /s/ Brian H. Kim
                 Brian H. Kim
                 Attorneys for Plaintiff